IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Griffith Hoover,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro; et. al.,<br><br>    Respondents. | No. CV 07-379-TUC-DCB (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc.No.1). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge. For the following reasons the Magistrate Judge recommends that the District Court dismiss the Petition as untimely.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

    A.   State Proceedings

In 1986, Petitioner was indicted on one count of First Degree Murder, one count of Kidnapping, one count of Armed Robbery, and one count of Theft By Control.[1] (Answer, p.2 (Doc.No. 7)) The state alleged that Petitioner had prior convictions and had committed the instant felony while released on bail or on his own recognizance. (Answer, p.7 & Ex. B) The state also filed allegations of the dangerous nature of the offense charged. (Answer, Ex. B) On December 24, 1986, a jury convicted Petitioner on all counts. (Id.) In February 1987,

---

[1] Petitioner was also indicted on one count of Aggravated Robbery which, upon motion of the State, was dismissed with prejudice. (*See* Answer, Ex. E, p.2 (Doc. No. 7-2, p.39))

the trial court sentenced Petitioner to life imprisonment without the possibility of parole for at least 25 years on the murder count; and Petitioner received concurrent aggravated prison terms for the remaining counts, the longest of which was 21 years, with those sentences to be served consecutively with the term of imprisonment on the murder count. (Answer, p.7, Ex. B)

Petitioner appealed to the Arizona Supreme Court. On August 22, 1989, the Arizona Supreme Court affirmed Petitioner's convictions and sentences. (Answer, Ex. A) On December 19, 1989, the Arizona Supreme Court denied Petitioner's Motion for Reconsideration. (Answer, Ex. C) The mandate issued on December 22, 1989. (Answer, Ex. D)

On October 28, 2002, Petitioner filed a Notice of Post-Conviction Relief. (Answer, Ex. E) On May 13, 2004, Petitioner, through counsel, filed a Petition for Post-Conviction Relief wherein Petitioner claimed ineffective assistance of trial counsel. (Id.) The trial court denied relief without a hearing. (Answer, Ex. F (Doc. No. 7-3, p.5)) Thereafter, the appellate court granted Petitioner's *pro se* petition for review and denied relief. (Answer, Ex. F) The mandate issued on December 29, 2005. (Id. (Doc.No. 7-3, p.2))

On April 5, 2005, Petitioner, acting *pro se,* filed a second Petition for Post-Conviction Relief wherein he argued that his sentences were excessive under *Blakely v. Washington,* 542 U.S. 296 (2004). (Answer, Ex. G) The trial court summarily denied relief. (Answer, p.3; *see also* Answer, Ex. H) On January 19, 2007, the appellate court granted review and denied relief concluding that *Blakely* did not apply retroactively to Petitioner's case. (Answer, Ex. I) The Arizona Supreme Court denied review on May 3, 2007, and the mandate issued on May 31, 2007. (Answer, Ex. I, J)

B.     Federal Proceeding

The instant *pro se* Petition for federal habeas relief was signed by Petitioner on July 27, 2007 and filed-stamped by the Clerk of the Court on August 6, 2007. A federal habeas petition is deemed filed when handed by the inmate to a prison official for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988); *Patterson v. Stewart,* 251 F.3d 1243, 1245

1  n.2 (9th Cir. 2001) ("Under the prison mailbox rule...a *pro se* petitioner's petition is deemed
2  constructively filed at the moment it is delivered to prison officials to be forwarded to the
3  court clerk.")  The Court deems the Petition commencing this action as filed on July 27,
4  2007. *See id.*

5      Petitioner raises the following grounds for relief:

6    1.    "6th and 14th Amendment violations of right to a jury at sentencing for
7        aggravated consecutive sentences" citing *Blakely v. Washington,* 542 U.S. 296
8        (2004); *Apprendi v. New Jersey,* 530 U.S. 466 (2000); and *Cunningham v.*
9        *California,* 549 U.S. 270 (2007) (Ground I); and

10   2.    the trial court's imposition of a "'mixed' indeterminate and determinate
11        sentence, in violation of Arizona's own 'same time-same crime' sentencing
12        statute in effect at the time was an abuse of discretion, was double jeopardy,
13        violates Petitioner's due process rights and amounts to cruel and unusual
14        punishment in violation of the 8th and 14th Amendments." (Ground II)

15  (Petition, pp.5-c, 6).

16      On October 3, 2007, Respondents filed their Answer.  Petitioner did not file a Reply.

17  **II.    DISCUSSION**

18      Respondents argue that Petitioner's Petition is time-barred under the Antiterrorism
19  and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").

20      Because Petitioner's federal habeas petition was filed after the AEDPA's effective
21  date of April 24, 1996, "the provisions of the [AEDPA] apply to this case." *Patterson,* 251
22  F.3d at 1245 (*citing Smith v. Robbins* 528 U.S. 259, 268 n.3 (2000)).  The AEDPA "imposes
23  a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal
24  court." *Id*. (citing 28 U.S.C. § 2244(d)(1))   Pursuant to section 2244, the limitations period
25    shall run from the latest of–
        (A) the date on which the judgment became final by the
26        conclusion of direct review or the expiration of the time for
        seeking such review;
27        (B) the date on which the impediment to filing an application
        created by State action in violation of the Constitution or laws
28

> of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D). Additionally, as discussed *infra*, the statute of limitations may be statutorily or equitably tolled. *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002).

### A. Commencement of limitations period under 28 U.S.C. § 2244(d)(1)

The record herein is clear that Petitioner's conviction became final in 1987. *See Bowen v. Roe,* 188 F.3d 1157, 1158 (9th Cir. 1999) (in determining when a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review," in cases where the petitioner has raised a federal question, the Ninth Circuit includes in the time for seeking direct review "the ninety-day period within which [the petitioner] could have filed a petition for a writ of *certiorari* from the United States Supreme Court."); (*see also* Answer, Ex. B (Doc. No. 7-2, pp.26); Petition, p.1)  "State prisoners, like [Petitioner herein], whose convictions became final prior to AEDPA's enactment, had a one-year grace period [–until April 24, 1997–] in which to file their petitions." *Patterson,* 251 F.3d at 1245-1246. (citations omitted)

Because Petitioner initiated this action on July 27, 2007, more than ten years after the AEDPA limitations period expired, his Petition is untimely filed unless 28 U.S.C. § 2244(d)(1)(B),(C), or (D) operates to delay commencement of the statute of limitations or tolling applies.

In Ground I of his Petition, Petitioner asserts that his sentences were imposed in violation of the Constitution in light of *Apprendi* and its progeny. Approximately thirteen years after Petitioner's conviction, the United States Supreme Court held in *Apprendi* that any fact, other than the fact of a prior conviction, that increased the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and proved beyond

- 4 -

a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). In 2004, the United States Supreme Court modified *Apprendi* by holding that:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*...In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely v. Washington,* 542 U.S. 296, 304 (2004) (citations omitted) (emphasis in original).

Petitioner argues that *Apprendi* and its progeny apply retroactively to his case, thus rendering his Petition timely under 28 U.S.C. § 2244(d)(1)(C). However, it is well-settled that *Apprendi* and its progeny do not apply retroactively to collateral review of a conviction, like Petitioner's, that was final before the *Apprendi* and *Blakely* decisions were announced. *Cooper-Smith v. Palmateer,* 397 F.3d 1236 (9th Cir. 2005) (*citing United States v. Sanchez-Cervantes,* 282 F.3d 664 (9th Cir. 2002)) (*Apprendi* does not apply retroactively to cases on collateral review where the conviction, like Petitioner's, was final before issuance of that decision); *Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to cases on collateral review). Therefore, section 2244(d)(1)(C) of the AEDPA is inapplicable.[2]

Nor does the record support application of sections 2244(d)(1)(B) or (D) to either Ground I or Ground II. Petitioner has not alleged any unconstitutional, State-created impediment that prevented him from seeking habeas relief earlier. *See* 2244(d)(1)(B). Nor can he assert that the factual predicate of his claims could not have been discovered earlier. The record is clear that at the time of his sentencing, Petitioner was aware of the factual predicate of his claims herein. To the extent that *Apprendi* and *Blakely* prompted Petitioner to seek federal habeas relief, those decisions serve as the legal predicate for Petitioner's

---

[2]Petitioner does not cite *Apprendi* and its progeny in Ground II of his Petition. However, he does assert that "[t]he trial court used the facts enumerated and found by the judge to aggravate and impose the maximum sentences." (Petition, p.6) To any extent that Petitioner's Ground II can be construed to include an *Apprendi-Blakely* type claim, this same analysis applies to Ground II.

- 5 -

1  claims, not the factual predicate or evidence, relevant to his guilt or sentence. *See Hasan v.
2  Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (AEDPA statute of limitations begins to run
3  when the petitioner knows the important facts, not when the petitioner recognizes their legal
4  significance.)

5  On this record, sections 2244(d)(1)(B) through (D) do not affect the AEDPA statute
6  of limitations calculation. Consequently, pursuant to section 2244(d)(1)(A), Petitioner had
7  until April 24, 1997 to seek federal habeas relief unless he establishes that he is entitled to
8  statutory or equitable tolling.

9      B.    Statutory Tolling

10  The AEDPA limitations period is statutorily tolled when a "properly filed application
11  for State post-conviction or other collateral review with respect to the pertinent judgment or
12  claim is pending...."  28 U.S.C. § 2244(d)(2).

13  Respondents are correct that "[b]ecause Petitioner had no post-conviction petition
14  pending in any Arizona court on the relevant dates from April 25, 1996, until April 24, 1997,
15  the statutory tolling provision does not apply to him." (Answer, pp. 4-5)  Petitioner did not
16  file his first Notice of Post-Conviction Relief until October 28, 2002 which was more than
17  five years after expiration of the April 24, 1997 AEDPA statute of limitations. Moreover,
18  Petitioner's First PCR proceeding can neither revive the limitations period nor toll the
19  already-expired period. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003)
20  ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended
21  before the state petition was filed."); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001)
22  (where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute
23  of limitations ended...[t]hat delay resulted in an absolute time bar..."); *Rashid v. Khulmann,*
24  991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral
25  petitions can no longer serve to avoid a statute of limitations.")  Likewise, Petitioner's
26  Second PCR proceeding filed in April 2005 did not restart the AEDPA's statute of
27  limitations period. *Id.*  Consequently, the AEDPA statute of limitations is not subject to
28  statutory tolling on this record.

C.  Equitable Tolling

Respondents argue that in light of the U.S. Supreme Court's decision *Bowles v. Russell,* __ U.S. __, 127 S.Ct. 2360 (2007), the AEDPA is not subject to equitable tolling. (Answer, p.7)

The *Bowles* Court held that the timely filing of an appeal in a civil case is a jurisdictional requirement. *Bowles,* __ U.S. __, 127 S.Ct. at 2366. The Court reasoned that because federal statutes specified the time limits for filing a notice of appeal and for extending the notice-of-appeal period, Congress intended to preclude the courts from exercising jurisdiction over otherwise legitimate cases after a certain period of time has elapsed after final judgment. *Id.* at 2366-2367.

As discussed above, the AEDPA establishes time limits regarding the timely filing of a petition for habeas corpus. 28 U.S.C. §2244(d)(1). This District Court has noted that

> [t]he Supreme Court has twice denied *certiorari* on the issue of whether these limits are jurisdictional. *See David v. Hall*, 540 U.S. 815...(2003); *Flanders v. Graves*, 537 U.S. 1236...(2003). The Supreme Court has noted that it has never squarely addressed whether equitable tolling applies to the AEDPA's statute of limitations. *Lawrence v. Florida*,__ U.S. ___, 127 S.Ct. 1079, 1085...(2007). Accordingly, whether the AEDPA is subject to equitable tolling remains an open question. However, several recent decisions in the District of Arizona have followed the Second Circuit[3] in holding that *Bowles* does not apply to

---

[3]The Second Circuit case referred to is *Diaz v. Kelly,* 515 F.3d 149, 153-154 (2nd Cir. 2008), *cert. den.,* __ U.S. __, 129 S.Ct. 168 (2008), wherein the court stated:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205... (2006) (AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96... (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision is [sic] *John R. Sand & Gravel Co. v. United States,* __ U.S. __, 128 S.Ct. 750...(2008), confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *state* [sic] *decisis*, *see id. at 756.*

- 7 -

the AEDPA. *See, Perea v. Schriro*, No. 07-2028-PHX-ROS, 2008 WL 2039404, *1 (D.Ariz. May 12, 2008); *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL 370900, * 2 (D.Ariz., Feb.11, 2008) (*citing Diaz v. Kelly*, 515 F.3d 149, 153-54 (2nd Cir.2008)).

*Bomar v. Schriro,* CV-08-769-PHX-ROS, 2008 WL 4183382 (D.Ariz. Sept. 11, 2008) (following "these District of Arizona cases in concurring with the Second Circuit's analysis in *Diaz* and holding that *Bowles* does not apply to the AEDPA."). *See also Faulkner v. Schriro,* CV-07-1822-PHX-JAT, 2008 WL 4138120 *8 (D.Ariz. Sept. 3, 2008) ("Although the Court is inclined to...hold that *Bowles* does not apply to the AEDPA, the Court need not resolve that issue because even assuming equitable tolling remains viable after *Bowles,* as Respondents alternatively argue, Petitioner does not satisfy the requirements for such tolling."); *Lopez v. Bock,* CV 07-1192-PHX-JAT, 2008 WL 2545073 *3 (D.Ariz. June 23, 2008) (rejecting magistrate judge's recommendation "that equitable tolling is...not available" in light of *Bowles* and noting that "the Ninth Circuit has continued to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles.*" ) (*citing Harris v. Carter,* 515 F.3d 1051, 1054, n.4 (9th Cir. 2008), *cert. den.,* __ U.S. __, 129 S.Ct. 397 (2008)).

However, the Court need not resolve this issue "because even assuming equitable tolling remains viable after *Bowles,* as Respondents alternatively argue, Petitioner does not satisfy the requirements for such tolling." *Faulkner*, 2008 WL 4138120 *8.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGulglielmo,* 544 U.S. 408, 418 (2005); *Harris,* 515 F.3d at 1054. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007). Further, a petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."

*Bomar,* 2008 WL 4183382 *7 (*quoting Diaz,* 515 F.3d at 153-54).

*Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Fisher v. Johnson,* 174 F.3d 710, 714-716 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not" warrant equitable tolling of the AEDPA statute of limitations).

Respondents correctly point out that Petitioner has not asserted a basis for equitable tolling. (Answer, p.5) Petitioner raised no grounds for equitable tolling in his petition and he did not file a reply and no grounds justifying equitable tolling are discernible from the record. Because Petitioner has failed to demonstrate that he diligently pursued his rights and that extraordinary circumstances prevented him from filing a timely federal habeas petition, the AEDPA statute of limitations is not subject to equitable tolling in Petitioner's case. Consequently, the instant Petition must be dismissed as untimely.

### III.  RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. No.1) as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 07-379-TUC-DCB.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 11th day of December, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge